IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **INEZ BLAIR,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:21-cv-1163-P-BP |
| **AMERICAN MEDICAL ASS'N,** *et al.*, | § § § | |
| Defendants. | § | |
| **INEZ BLAIR,** | § § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. 4:21-cv-1164-P-BP |
| **UNION GOSPEL MISSION COMPLEX,** | § § | |
| Defendant. | § | |
| **INEZ BLAIR,** | § § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. 4:21-cv-1165-P-BP |
| **CITY OF FORT WORTH POLICE DEPARTMENT,** *et al.*, | § § § | |
| Defendants. | § | |
| **INEZ BLAIR,** | § § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. 4:21-cv-1166-P-BP |
| **STATE OF COLORADO,** *et al.*, | § § § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

In these cases, Plaintiff Inez Blair, proceeding *pro se*, has filed a civil case with a motion for leave to proceed in forma pauperis. The undersigned was preliminarily assigned in each case pursuant to 28 U.S.C. § 636(b) and Special Order No. 3. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

### FINDINGS AND CONCLUSIONS:

A.  NATURE OF THE CASE

These cases are all new civil actions.

B.  PARTIES

Inez Blair is the plaintiff in each case. She has named different parties as defendants in these four separate cases, as noted in the style of each case listed above.

C.  LEGAL ANALYSIS

Plaintiff accompanied her complaints in each case with a motion to proceed in forma pauperis under 28 U.S.C. § 1915 *et. seq.* In case numbers 4:21-cv-1163-P and 4:21-cv-1165-P, she listed the same information and fully completed the applications. In case numbers 4:21-cv-1164-P, Plaintiff listed inconsistent and incomplete information. In case number 4:21-cv-1166-P, she listed no information. Thus, the Court will rely on the data and answers provided in the fully completed in forma pauperis applications.

The fully completed motions/applications include the income and asset information for both Plaintiff and her spouse. In making the in-forma-pauperis determination, the Court may consider the total monetary resources available to assist Plaintiff, and "it is appropriate to consider a spouse's income." *Muhammad v. La. Att'y Disciplinary Board.,* No. 09-3431, 2009 WL 3150041, at *1 (E.D. La. Sep. 25, 2009); *see, e.g., Montiel v. Wyndham Anatole Hotel,* No. 3:03-

CV-1813-L, 2003 WL 22595820, at *1 (N.D. Tex. Nov. 6, 2003) (denying request to proceed in forma pauperis where plaintiff and spouse had combined monthly income of $3,360 and $700 in a bank account); *Mann v. Frank,* No. 90-1122-CV-W-5, 1992 WL 219800, at *3-4 (W.D. Mo. Sept. 2, 1992) (considering plaintiff and her husband's equity in real property, their ownership of automobiles, and combined family income of $70,000 per year in rejecting in forma pauperis petition).

A review of the financial information submitted in the completed long-form motions/applications (ECF No. 2 at 2-3 in case numbers 4:21-cv-1163-P and 4:21-cv-1165-P) reflects that Plaintiff receives $1,079 in monthly retirement income and $849 in monthly disability income for a total of $1,928 monthly. Plaintiff's spouse receives $1,150 in disability income. Plaintiff and her spouse have no dependent children. The applicable poverty guideline for a family of two is $17,420. At a total income of $3,078 a month, Plaintiff's total annual household income of $36,936 is far above the poverty level for a family of two. The information in Plaintiff's motions/applications shows that she has sufficient resources available to pay the applicable filing and administrative fees. Thus, after review and consideration of the motions/applications to proceed in forma pauperis, the undersigned finds that the motions to proceed IFP should be denied.

## RECOMMENDATION

It is, therefore, **RECOMMENDED** that United States District Judge Mark T. Pittman **DENY** Plaintiff's motions to proceed in forma pauperis in each of these cases.

It is further **RECOMMENDED** that Judge Pittman inform Plaintiff that each complaint will be subject to dismissal without further notice under Federal Rule of Civil Procedure 41(b) unless Plaintiff pays to the clerk of Court the applicable filing and administrative fees of $402.00 for each case within seven (7) days after his order.

<u>NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT</u>

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

It is further **ORDERED** that the above-styled and numbered actions, previously referred to the undersigned for findings, conclusions, and recommendation, be and are hereby, **RETURNED** to the docket of the United States District Judge.

**SIGNED** on October 26, 2021.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

4